In re CRUGER AVE., HOLLAND AVE., AND MAPLE ST. IN CITY OF
NEW YORK.

(Supreme Court, Appellate Division, First Department.   October 17, 1913.)

MUNICIPAL CORPORATIONS (§ 508*)—STREET IMPROVEMENTS—ASSESSMENT—AP-
PEAL—TIME.

Greater New York Charter (Laws 1901, c. 466) § 988, as amended by
Laws 1906, c. 658, providing that an appeal from an order confirming a
report of commissioners of estimate and assessment, not prosecuted within
six months, unless time be extended by the court, shall be deemed aban-
doned, is mandatory, so that the court has no jurisdiction to disregard
the same.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1181, 1182; Dec. Dig. § 508.*]

Application of the City of New York to improve Cruger Avenue,
Holland Avenue, and Maple Street.   Application to dismiss an appeal
from an order confirming a report of commissioners of estimate and
assessment.   Granted.

Argued   before   INGRAHAM,   P.   J.,   and   McLAUGHLIN,
LAUGHLIN, CLARKE, and SCOTT, JJ.

William B. R. Faber, of New York City, for the motion.
Charles B. Mason, of New York City, opposed.

PER CURIAM.   The order appealed from was entered on March
10, 1913, appeal taken March 14, 1913, and time to file papers extend-
ed to April 18, 1913, when what purported to be the case on appeal
was served.   Under section 988 of the New York Charter, as amended
by chapter 658 of the Laws of 1906, an appeal taken in one of these
proceedings and not prosecuted within six months, unless time for
prosecution of the appeal be extended by the court, shall be declared
abandoned.   The provision is mandatory, and the court has no power
to disregard it.   See Matter of Old Pier, 151 App. Div. 659, 136 N.
Y. Supp. 532.

Motion granted, with $10 costs.

---

(158 App. Div. 558.)

BLUMENTHAL v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 31, 1913.)

1. CARRIERS (§ 306*)—PASSENGERS—INJURIES—COMPANIES LIABLE.

Defendant electric railway companies owned separate railroads which
were connected so as to make a through route to R., over which they
carried passengers, each company receiving a part of the fare.   The L.
Company owned that part of the connecting road called the "incline," and
had immediate control of all of it, but the cars were furnished and run
by the employés of the B. Company.   Held, that the L. Company was re-
sponsible for injuries to a passenger from negligently permitted electric
disturbances on the car whether they occurred on the part of the con-
necting track owned in common, the "incline," or on the main tracks of
the L. Company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1249–1251; Dec.
Dig. § 306.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CARRIERS (§ 316*)—INJURY TO PASSENGER—RES IPSA LOQUITUR DOCTRINE.
　　Where the electrical disturbance on an electric railway passenger car resulting in injury to a passenger was abnormal to the usual use of the electrical apparatus, the happening of the accident was sufficient evidence of negligence to require a showing of due care by the carrier.

　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

Appeal from Trial Term, Queens County.

Action by Hyman Blumenthal against the Brooklyn Union Elevated Railroad Company and the Long Island Railroad Company. From a judgment for each defendant, and an order denying a motion for a new trial, plaintiff appeals. Judgment and order as to the Brooklyn Union Elevated Railroad Company affirmed, and judgment as to the Long Island Railroad Company reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Nathan Ottinger, of New York City, for appellant.

D. A. Marsh, of Brooklyn, for respondent Brooklyn Union Elevated R. Co.

William C. Beecher, of New York City, for respondent Long Island R. Co.

PER CURIAM. Two carriers owned separate railroads which were connected, so as to make a through route between New York and Rockaway, over which they arranged to carry passengers for a fare whereof each company should receive a stated part. The Long Island owned that part of the connecting railway called the "incline," and both companies beneficially owned the remainder of it, but as to all of it and the trains using it the Long Island had immediate control. The plaintiff, a passenger from New York to Rockaway, was injured proximately by fire resulting from electrical disturbance on the car, which occurred, as plaintiff insists, and in this he finds support in the evidence, either upon the common track, the incline, or the main tracks of the Long Island.

[1] In either case the Long Island was a responsible carrier. But the complaint was dismissed as to it when plaintiff rested, and after further evidence the jury found a verdict in favor of the Brooklyn.

[2] The electrical manifestation was abnormal to the appointed use and was sufficient evidence of negligence to demand a showing of proper care on the part of the carrier in regard to whatever was a competent cause of it. The fact that the cars were furnished and manned by the Brooklyn did not entitle the Long Island to dismissal of the complaint, although it could avail itself of the care observed by the associate company; yet for the purposes of the use of the common track and for its own tracks it, as regards the passengers, adopted the train and the crew and shared the responsibility or alone bore it, and as the case stood there was a question for the jury. The evidence including the contracts shows that the Long Island was the more influential factor as to the connection and ultimately responsi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

ble as to its own tracks. In the case against the Brooklyn Company the plaintiff undertook to attribute the fire to a short circuit from the lead wire, from which the insulation had been burned, coming in contact with a part of the car, and the court charged the jury, "You will have to be able to point your finger to the negligence of the defendant"; but the plaintiff's counsel, although his attention was directed to it, disclaimed a wish to proffer requests or exceptions. While the doctrine of res ipsa loquitur was applicable, the plaintiff did not invoke it, and was contented that the court should not, and the verdict upon the issues submitted was not against the weight of evidence.

The judgment and order as to the Brooklyn Union Elevated Railroad Company should be affirmed, with costs, and the judgment as to the Long Island Railroad Company reversed, and a new trial granted; costs to abide the event.